IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SAMUEL H. PIERCE, SR., :
    Plaintiff :
    v. : Civil Action No. 03-163J
JOANNE B. BARNHART, COMMISSIONER :
OF SOCIAL SECURITY, :
    Defendant :

**MEMORANDUM**

Samuel Pierce appeals from the unfavorable decision of the Commissioner of Social Security on his application for disability benefits under Title II of the Social Security Act, 42 U.S.C.§§ 401-33, and supplemental security income (SSI) under Title XVI of the Act, 42 U.S.C.§§ 1381-83f. An ALJ found, on November 13, 2002, that Pierce was not disabled up to that date. The Appeals Council denied review on May 9, 2003, thus making the ALJ's findings the basis for the Commissioner's decision.

The Commissioner moves to dismiss the appeal as untimely, docket no. 3, because the complaint was filed more than sixty days from the date of the Appeals Council's decision, the limitations period for filing a complaint. See 42 U.S.C.§ 405(g). It is not disputed that a copy of the Appeals Council's decision was mailed to plaintiff on May 9, 2003. The Commissioner's regulations presume that a mailed notice will be received by the addressee within five days of mailing. See 20 C.F.R.§ 422.210(a). Plaintiff acknowledges receiving the decision, and does not allege that receipt occurred more than five days after May 9, 2003. docket no. 8, Plaintiff's Reply to Motion to Dismiss. Plaintiff's complaint was filed on July

28, 2003, after plaintiff submitted a motion to proceed in forma pauperis, dated July 21, 2003, and an undated complaint signed by counsel, with a civil cover sheet dated July 22, 2003. The plaintiff's papers were stamped "received" by the Clerk on July 24, 2003, and the motion to proceed in forma pauperis was signed by Judge Cercone, to whom the matter had been assigned, on July 28, 2003.

Assuming that the complaint was deemed filed on Monday, July 22, 2003, the first business day after the motion to proceed in forma pauperis was signed, and assuming the full five days for receipt of the Appeals Council's decision, the complaint was late by one week. Sixty days after May 14, 2003, was July 13, 2003, a Saturday: extending the last day to file to the next day the Clerk's Office was open, the time to file expired on Monday, July 15, 2003. Plaintiff acknowledges this, docket no. 8, Plaintiff's Reply to Motion to Dismiss, at 2; docket no. 9, Brief in Support of Plaintiff's Reply, at 3, but asks that principles of equitable tolling be applied to extend the limitations period.

Equitable tolling extends the limitations period in three cases: 1) where the defendant misleads the plaintiff respecting the cause of action; 2) where extraordinary circumstance prevent a plaintiff from timely filing; and 3) where the plaintiff has filed a complaint in time, but in the wrong forum. See Seitzinger v. Reading Hospital and Medical Center, 165 F.3d 236, 239-40 (3d Cir.

2

1999); Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387-91 (3d Cir.1994). Obviously, the third basis for tolling is not applicable. Tolling under the first theory is only possible where the defendant takes some improper action (or fails to take some required action) that results in plaintiff missing the filing deadline, and is not appropriate where a plaintiff fails to exercise due diligence in preserving his legal rights. Kokotis v. United States Postal Service, 223 F.3d 275, 280 (4th Cir.2000), citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990). No improper action by the defendant is asserted.

That leaves the extraordinary circumstances theory. Equitable tolling is a doctrine to be applied only in rare cases, and does not excuse a plaintiff's failure to pursue his own case diligently. See Hammer v. Cardio Medical Products, Inc., 131 Fed. Appdx. 829 (3d Cir.2005)(the inattention to deadlines caused by the grief resulting from death of friends and relatives does not constitute extraordinary circumstances). I note that plaintiff does not allege any mental impairment prevented him from understanding the Appeals Council's notice, and the allegations of disability do not suggest such an impairment.

Plaintiff alleges that he was unable to meet with counsel because of "an inability to obtain transportation" due to unspecified "car trouble." docket no. 9, Brief in Support of Plaintiff's Reply, at 3. That tacitly asks me to assume plaintiff's

3

physical presence in counsel's office was necessary to file the complaint. Without additional allegations of fact, I cannot assume that to be the case, because the information necessary to file the complaint was admittedly already in counsel's possession, and the motion to proceed in forma pauperis could have been mailed to plaintiff, signed, and returned.

If plaintiff had alleged that he and counsel had to meet face to face, the next hurdle is that the bare allegation of "car trouble" does not excuse a plaintiff from alleging why he could not travel the couple of miles from plaintiff's residence to counsel's office by other means for more than sixty days. In the days before electronic filing, an alleged breakdown along the road on the way to file papers on the last day of the limitations period would allege extraordinary circumstances excusing a filing that was one day late. It would not imply excusable failure to find other transportation for sixty days. The absence of sufficient allegations of extraordinary circumstances is fatal to plaintiff's case.

DATE: 7 November 2005

Keith A. Pesto,
United States Magistrate Judge

cc:  J. Kirk Kling, Esquire
     630 Pleasant Valley Boulevard, Suite B
     Altoona, PA 16602

     John J. Valkovci, Jr., Esquire
     224 Penn Traffic Building
     319 Washington Street
     Johnstown, PA 15901